FILED

2016 OCT -4 PM 12:49
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULIO MERCADO, on behalf of himself and those similarly situated,

Plaintiff(s),

Case No.:

vs.

MOSSY OAK FENCE OF BREVARD, LLC, a Florida Profit Corporation,

Defendant.

_______________________________/

COMPLAINT & DEMAND FOR JURY TRIAL
(Collective Action Complaint)

COMES NOW the Plaintiff, JULIO MERCADO, on behalf of himself and others similarly situated, (hereinafter referred to as "Plaintiff"), and sues Defendant, MOSSY OAK FENCE OF BREVARD, LLC, (hereinafter referred to as "Defendant"), and alleges as follows:

I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers.

*Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

2. This action is intended to include each and every laborer who worked for the Defendant at any time within the past three (3) years.

II. JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## III. VENUE

4. The venue of this Court over this controversy is proper based on the claim arising in Orlando, Orange County, Florida.

## IV. COVERAGE

5. Defendant, MOSSY OAK FENCE OF BREVARD, LLC, is a company that operates and conducts business in Orange County, Florida, and is therefore, within the jurisdiction of this Court.

6. At all material times relevant to this action (2013-2016), MOSSY OAK FENCE OF BREVARD, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

7. At all material times relevant to this action (2013-2016), MOSSY OAK FENCE OF BREVARD, LLC, made gross earnings of at least five hundred thousand dollars ($500,000.00) annually.

8. At all material times relevant to this action (2013-2016), MOSSY OAK FENCE OF BREVARD, LLC, accepted payments and transferred money from branch to branch through its national banking system.

9. At all material times relevant to this action (2013-2016), MOSSY OAK FENCE OF BREVARD, LLC, routinely employed two or more employees who handlded, ordered and received materials or supplies that previously moved through commerce (i.e.. wood, vinyl, iron, steel, computers, telephones, copy machines, paper, etc.).

10. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of Defendant.

V FACTUAL ALLEGATIONS

11. Defendant, MOSSY OAK FENCE OF BREVARD, LLC, is located in Orlando and Melbourne, Florida.

12. Plaintiff, JULIO MERCADO, was employed by Defendant as a laborer based out of its Orlando, Florida location.

13. Plaintiff worked for Defendant from December 17, 2015 through August 20, 2016.

14. Plaintiff and the other similarly situated laborers are employees within the meaning of the FLSA.

15. Plaintiff and the other similarly situated laborers were treated as employees of MOSSY OAK FENCE OF BREVARD, LLC.

16. Plaintiff and the other similarly situated laborers were employees of MOSSY OAK FENCE OF BREVARD, LLC within the last two to three (3) years prior to the filing of this lawsuit.

17. Defendant has and still does employ laborers that install and repair fences throughout the state of Florida to residential and commercial clients.

18. Defendant paid all laborers a daily rate.

19. Specifically, at all times relevant to this action (2013-2016), Defendant paid Plaintiff a daily rate of $110.00-$115.00.

20. Plaintiff worked approximately five days per week from 6:30 AM to 5:00 PM while working for Defendant.

21. Specifically, Plaintiff worked over fifty (50) hours per week without receiving overtime compensation.

22. At all times relevant to this action (2013-2016), Defendant did not pay Plaintiff and other laborers at a rate of no less than one and one half times their regular hourly rate of pay for hours worked in excess of forty (40) within a work week in violation of the FLSA.

23. The FSLA requires all covered employers to compensate all non-exempt employees at a rate of not less than one and one half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

24. At all times relevant to this action (2013-2016), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff and other laborers for those hours worked in excess of forty (40) within a work week.

25. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

26. MOSSY OAK FENCE OF BREVARD, LLC was aware, or should have been aware that Plaintiff and other laborers worked more than forty hours per without overtime compensation.

27. MOSSY OAK FENCE OF BREVARD, LLC managers and supervisors were aware of the overtime hours worked by the laborers when they clocked in and clocked out.

28. Defendant required all employees to clock in and out by using their individual time cards and a time clock.

29. MOSSY OAK FENCE OF BREVARD, LLC was aware or should have been aware that it is common in the industry that courts and the United States Department of Labor have found laborers to be non-exempt employees who are eligible for overtime pay.

30. Upon information and belief, laborers had discussions with management prior to the filing of this lawsuit about working in excess of forty (40) hours per week without overtime pay.

31. All laborers were entitled to be paid for all hours worked for Defendant.

32. Although Plaintiff and other similarly situated laborers worked overtime hours, Defendant failed and/or refused to pay them at a rate of time and a half their regular rate of pay for their overtime hours.

33. As a result of this compensation practice, Plaintiff, and all laborers similarly situated, did not receive full and proper payment of time and one half their regular rate of pay for all hours worked in excess of forty (40) within a work week in one or more weeks.

34. Defendant employed and is employing other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

## VI. CLASS FACTUAL ALLEGATIONS

35. Laborers are treated similarly by Defendant.

36. Defendant subjected laborers to the same illegal practice and policy by failing to pay the laborers the overtime premium rate of one and one half times their regular rate of pay for hours worked in excess of forty (40) hours in one or more weeks of work.

37. Defendant has employed potentially over forty (40) laborers within the last three years.

38. Defendant pays laborers in the same manner, by day rate.

39. Plaintiff and all laborers were not paid proper payment of the premium overtime rate for all hours worked in excess of forty (40) within a work week.

40. Defendant has acted willfully in failing to pay Plaintiff and the laborers in accordance with the law.

## COUNT ONE - RECOVERY OF OVERTIME COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT

41. Plaintiff and other similarly situated laborers reassert and incorporate by reference all allegations contained within previous paragraphs.

42. During his employment with Defendant, Plaintiff and other similarly situated laborers worked more than forty (40) hours in one or more workweeks while employed by Defendant.

43. Defendant failed to properly compensate Plaintiff and other similarly situated laborers for overtime hours that they worked, in violation of the FLSA.

44. Defendant acted willfully, intentionally, and/or recklessly in failing to pay Plaintiff and other similarly situated laborers at least time and one half their regular hourly rate of pay for each hour worked over forty (40) hours in one or more workweeks while employed by Defendant, in violation of the FLSA.

45. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

WHEREFORE, Plaintiffs, JULIO MERCADO and those similarly situated to him, demand judgment against the Defendant, MOSSY OAK FENCE OF BREVARD, LLC., for the payment of all unpaid overtime hours worked by them for which Defendant did not properly compensate them, pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 3rd day of October, 2016.

Respectfully submitted by,

Carlos V. Leach, Esquire
FBN 0540021
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
Post office Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff(s)*